IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:15-CR-350-M |
| | § | |
| ANGELICA'S RECORD | § | |
| DISTRIBUTORS (01) | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is a Motion to Withdraw Guilty Plea (ECF No. 41), filed by Defendant Angelica's Record Distributors ("ARD"). After consideration, the Motion is **DENIED**.

### I. BACKGROUND

On August 5, 2015, ARD was charged in an Information with three counts of felony Trafficking in Counterfeit Labels, in violation of 18 U.S.C. § 2318. (ECF No. 1).

On the same date, ARD filed a factual resume, which stated that the charges for Trafficking in Counterfeit Labels require proof that: (1) the defendant knowingly trafficked; (2) in labels affixed to, enclosing, or accompanying, or designed to be affixed to, enclosing, or accompanying a phonorecord; (3) the packaging or the labels were counterfeit; (4) the counterfeit packing or labels were affixed to, enclosed, or accompanied copyrighted materials; and (5) the defendant engaged in this unlawful conduct knowingly through the actions of the defendant's employees acting within the scope of their employment, with the intent to benefit the defendant, and with the legal capacity to bind the defendant due to their position as an employee or agent of the defendant. (ECF No. 5, at 2). The factual resume also contained an agreed stipulation of facts, describing ARD's conduct that gave rise to the felony charges being asserted by the government. (*Id.* at 2–5).

On August 5, 2015, ARD filed a written plea agreement with the government. (ECF No. 4). Under the plea agreement, ARD agreed to serve a probated sentence of one to five years,

-1-

pay a fine of $1,500,000, pay a mandatory special assessment of $1,200, pay restitution, and forfeit certain property. (*Id.* at 2). In exchange for ARD's guilty plea, the government agreed it would not bring any additional charges against ARD based on the conduct underlying and related to the guilty plea. (*Id*. at 6). In the plea agreement, a company representative represented that it reviewed all legal and factual aspects of this case with an attorney and that ARD was fully satisfied with the legal representation that it received. (*Id*. at 7). ARD's representative also acknowledged that the company received satisfactory explanations regarding every paragraph in the plea agreement, its rights affected by the plea agreement, and alternatives to entering into the plea agreement. (*Id*.).

On August 25, 2015, ARD, acting through an attorney authorized to act as ARD's corporate representative, as well as two other defense attorneys, appeared before United States Magistrate Judge Paul D. Stickney and pleaded guilty to Counts One, Two, and Three of the Information. (ECF No. 8; *see* Transcript, *USA v. Portillo*, Case No. 3:15-cr-00351-M, ECF No. 47, at 15:4–8). ARD's corporate representative testified under oath that he reviewed the factual resume with individuals at ARD before signing it and that the facts stated in the factual resume were true and correct. (Transcript, *USA v. Portillo*, Case No. 3:15-cr-00351-M, ECF No. 47, at 15:12–19). ARD's representative also acknowledged that the company voluntarily and freely entered into the plea agreement, which he discussed with "corporate members", presumably high-level officials, prior to signing it, and which was further summarized at the hearing by Judge Stickney. (*Id.* at 5:25–7:20). After receiving the recommendation of Judge Stickney, this Court accepted ARD's plea and found it guilty of Counts One, Two, and Three of the Information. (ECF No. 12).

On February 17, 2016, a joint sentencing hearing commenced for ARD and co-Defendant Melek Portillo. (ECF No. 24). The Court determined that it needed additional information to

make its sentencing decision and continued the hearing to October 28, 2016. (*See* ECF Nos. 25, 28, 30; *see also* ECF No. 31 at 32:7–33:24). The Court ordered that Portillo was prohibited from disposing of assets prior to the Court's sentencing decision. (ECF No. 31, at 29:9–16). On October 28, 2016, just prior to the second sentencing hearing, the Court learned that Portillo had disposed of a Dallas warehouse in contravention of the Court's orders. (*See* ECF No. 32, at 3:5–4:14). The Court reset the sentencing hearing to December 2, 2016. (ECF No. 33). Before the next hearing occurred, the Court appointed a special prosecutor to investigate and pursue criminal contempt charges against Portillo in a separate action, and stayed these criminal proceedings pending the outcome of the contempt action. (ECF No. 38). The Court has not entered a sentencing order against ARD or Portillo.

On March 22, 2018, this Court granted the substitution of new counsel for ARD. (ECF No. 40). On March 22, 2018, new counsel filed a motion to withdraw ARD's previous guilty plea. (ECF No. 41). The Motion did not make any legal arguments or cite any evidence supporting the withdrawal of ARD's guilty plea. Instead, ARD attached a motion to withdraw that Portillo filed in related criminal proceedings, and asked that the Court withdraw ARD's guilty plea on the same basis that Portillo argued in her motion. (ECF No. 41, at 2).

## II. LEGAL STANDARD

A defendant does not have an absolute right to withdraw a plea. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). After the district court has accepted a guilty plea but before sentencing is imposed, a guilty plea may be withdrawn if the defendant can show a "fair and just reason" for withdrawal. Fed. R. Crim. P. 11(d)(2)(B). The defendant has the burden to establish a basis for withdrawal. *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001).

To determine whether there is a "fair and just reason" for withdrawal, the Court may consider: (1) whether the defendant asserted its innocence; (2) the defendant's delay in seeking

to withdraw its guilty plea; (3) whether the defendant received close assistance of counsel; (4) whether the original plea was made knowingly and voluntarily; (5) the prejudice to the government; (6) the potential inconvenience to the Court; and (7) the extent that judicial resources would be wasted by reopening the case. *See United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984). No single factor is dispositive, nor is the Court required to make findings with respect to each factor. *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991). The Court's determination must be based on the totality of the circumstances. *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009). The Court has broad discretion whether to allow a defendant to withdraw a guilty plea. *Id.* at 649.

## III. ANALYSIS

### A. Request to Withdraw Guilty Plea

The totality of the circumstances does not support ARD's request to withdraw its guilty plea.

#### 1. Assertion of innocence

A defendant's belated claim of innocence does not entitle the defendant to withdraw a previous plea of guilt. *United States v. Harrison*, 777 F.3d 227, 235 (5th Cir. 2015). ARD claims it is innocent of the charges set forth in the Information because the company did not know that it was distributing counterfeit CDs. (ECF No. 41, at 2). ARD does not cite any evidence to support this assertion. The affidavit submitted and signed by Portillo, which is attached to ARD's Motion, states only that Portillo lacked knowledge that she was distributing counterfeit CDs. The affidavit does not state anything about the knowledge of ARD or its other employees.

On August 25, 2015, ARD's attorney and corporate representative testified, under oath, that his clients discussed the factual resume setting forth the basis for the charges against ARD

and, based on the facts asserted, pleaded guilty to Counts One, Two, and Three of the Information. (Transcript, *USA v. Portillo*, Case No. 3:15-cr-00351-M, ECF No. 47, at 15:4–19). This guilty plea was consistent with other evidence demonstrating the involvement of ARD in the illegal replication of CDs. (*See, e.g.,* ECF No. 42-1). In light of these facts, this factor does not support ARD's request to withdraw its guilty plea. *See Harrison,* 777 F.3d at 235; *United States v. Myles*, 623 F. App'x 178, 179 (5th Cir. 2015).

2. Delay to request a withdrawal of the guilty plea

It is significant that ARD waited over two years before seeking to withdraw its guilty plea. Such a lengthy delay suggests that ARD moves to withdraw its plea for tactical reasons. The Fifth Circuit has found that defendants can be barred from withdrawing their guilty pleas after much shorter periods of delay. *See United States v. Perez*, 690 F. App'x 191, 192 (5th Cir. 2017); *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007). This factor weighs heavily against the Court allowing ARD to withdraw its plea in this case.

3. Close assistance of counsel

ARD does not set forth any arguments suggesting that it was deprived of close assistance of counsel. In contrast, evidence in the record indicates that ARD received frequent and adequate legal assistance from multiple attorneys. These attorneys include former state judge, Danny Clancy; former federal prosecutor, Cody Skipper; and former federal prosecutor, Jay Ethington, who also served as ARD's corporate representative. (*See* Resp., ECF No. 42, at 14–15). These attorneys reviewed documents and investigated various issues in preparation to defend ARD. (*See* ECF No. 13). They repeatedly appeared in this case on ARD's behalf, (ECF Nos. 7, 8, 24, 30), and negotiated a plea agreement for the corporation. (*See* ECF No. 4). In the plea agreement, an ARD corporate representative acknowledged that the legal and factual

aspects of the case were reviewed with counsel, and ARD was fully satisfied with the legal representation that it received. (*Id.* at 7).

This factor does not support ARD's request to withdraw its guilty plea. *See United States v. Herrod*, 595 F. App'x 402, 411 (5th Cir. 2015); *McKnight,* 570 F.3d at 646–48; *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998).

4. Knowing and voluntary plea

Although ARD does not address this factor, evidence in the record indicates that its plea was knowing and voluntary. At the plea hearing, ARD's corporate representative testified that the company understood the nature of the charges being asserted, and that the underlying facts set forth in the factual resume were true. (Transcript, *USA v. Portillo*, Case No. 3:15-cr-00351-M, ECF No. 47, at 5:2–5, 15:14–19). At the hearing, the Magistrate Judge also summarized the terms of the plea agreement into the record for ARD. (*Id.* at 5:2–7:25). ARD's corporate representative stated that he reviewed these terms with "corporate members", who voluntarily and freely agreed to enter into the plea agreement. (*Id.* at 7:12–20). These facts are sufficient to establish that ARD's plea was knowing and voluntary. *See Harrison*, 777 F.3d at 236; *United States v. McElhaney*, No. 3:03-CR-370L1, 2005 WL 3148234, at *3 (N.D. Tex. Nov. 17, 2005). Accordingly, this factor weighs against the withdrawal of ARD's guilty plea.

5. Prejudice to the government

The government argues that ARD's delay in requesting withdrawal has (i) increased the risk that witnesses will be unable to recall relevant facts, and (ii) made it more difficult for the government to locate key witnesses. (Resp., ECF No. 42, at 11). The Court agrees that those are factors prejudicial to the government.

6. Inconvenience to the Court and waste of judicial resources

Incorporating arguments from Portillo's Motion to Withdraw, ARD appears to contend that the withdrawal of its guilty plea would not result in a waste of judicial resources or substantially inconvenience the Court. The government responds that the Northern District of Texas currently faces multiple judicial vacancies and judges in this district have heavy caseloads. (ECF No. 42, at 12). The government further argues that the Court would be required to spend valuable judicial resources on a case that should have been resolved by ARD's guilty plea over two years ago. (*Id.* at 13). Although the Court agrees this factor favors the government, the Court gives this factor less weight than the others.

After consideration of the totality of the circumstances, the Court finds that the *Carr* factors weigh in favor of the government and against ARD's request to withdraw its guilty plea. The Court therefore finds that ARD's Motion should be denied.

### B. Request for Evidentiary Hearing

It is unclear whether ARD is asking the Court for an evidentiary hearing on its Motion. Regardless, even assuming that ARD would present evidence at the hearing in support of the Motion, the Court would not reconsider and grant ARD's permission to withdraw its plea. *See United States v. Martin*, No. 3:14-CR-183-M, 2015 WL 3404221, at *3 (N.D. Tex. May 22, 2015). The Court therefore will not set a hearing on ARD's Motion.

## IV. CONCLUSION

Because the Court finds that Defendant ARD lacks a fair and just reason for withdrawing its guilty plea, the Court **DENIES** its Motion to Withdraw Plea of Guilty (ECF No. 41).

**SO ORDERED**.

April 12, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE